UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


T-MOBILE CENTRAL, LLC,

       Plaintiff,                                Hon. Ellen S. Carmody

v.                                                        Case No. 1:06-CV-747

CITY OF GRAND RAPIDS, and
GRAND RAPIDS ZONING
BOARD OF APPEALS,

       Defendants.
_____/


## OPINION

       This matter is before the Court on <u>Plaintiff's Motion for Summary Judgment</u>. (Dkt. #17). On December 7, 2006, the parties consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Richard Alan Enslen referred this case to the undersigned. (Dkt. #16). For the reasons articulated below, Plaintiff's motion is **granted in part and denied in part**.


## BACKGROUND

       In 1996, Congress enacted the Telecommunications Act (TCA). The TCA has been characterized as a "deliberate compromise between two competing aims - to facilitate nationally the growth of wireless telephone service and to maintain substantial local control over siting of towers." *New Par v. City of Saginaw*, 301 F.3d 390, 394 (6th Cir. 2002). While large telecommunication towers "are often not welcome" in a community, the TCA articulates Congress' belief that such towers

nonetheless "need to be erected to support an efficient nationwide communication system." *Omnipoint Holdings, Inc. v. City of Southfield*, 355 F.3d 601, 603 (6th Cir. 2004). To facilitate such a system the TCA affords certain protections to entities such as Plaintiff. *Id.*

Among these protections is the requirement that "governmental units just cannot deny these applications [to construct communications towers] out of hand, but must make a reasoned and reasonable denial and give reasons in writing for the denial." *Id.* at 603-04. The TCA also protects against governmental action which prohibits or has the effect of prohibiting the provision of wireless services. *See Cellco Partnership v. Town of Grafton, Massachusetts*, 336 F.Supp.2d 71, 82 (D. Mass. 2004). These particular protections are articulated in the following portion of the TCA:

> (7) Preservation of local zoning authority
>
> (A)  General authority
>
> Except as provided in this paragraph, nothing in this chapter shall limit or affect the authority of a State or local government or instrumentality thereof over decisions regarding the placement, construction, and modification of personal wireless service facilities.
>
> (B)  Limitations
>
> (i)  The regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof–
>
> (I)  shall not unreasonably discriminate among providers of functionally equivalent services; and
>
> (II)  shall not prohibit or have the effect of prohibiting the provision of personal wireless services.
>
> * * * * *
>
> (iii)  Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless

>   service facilities shall be in writing and supported by substantial evidence contained in a written record.

47 U.S.C. § 332(c).

Plaintiff seeks to construct two telecommunication towers in the Grand Rapids area. The Grand Rapids City Code permits the construction of such towers, but requires that a variance be approved where a tower is to be located within 500 feet of any residential unit. *See* Grand Rapids City Code, Title V § 5.40.4. Because the locations chosen by Plaintiff were both closer than 500 feet to residential units, Plaintiff was required to seek a variance. Plaintiff successfully obtained a variance for one of its requested locations (the Leonard Street location), but was denied a variance with respect to the second location (the Sherwood Park Elementary School location).

Plaintiff initiated the present action asserting that the decision by the Grand Rapids Zoning Board of Appeals (ZBA) to deny the requested variance for the Sherwood Park location violated various provisions of the TCA as well as the requirement under Michigan law that decisions of a zoning board of appeals must be "supported by competent, material, and substantial evidence on the record." Mich. Comp. Laws § 125.3606(1)(c).

I.  **The ZBA's Decision was Neither in Writing nor Supported by Substantial Evidence**

As noted above, the TCA requires that the decision by the ZBA to deny Plaintiff's variance request must "be in writing and supported by substantial evidence contained in a written record." While the Court is extremely reluctant to interfere in local matters of zoning and land use, the record compels the conclusion that the ZBA's decision to deny Plaintiff's request for a variance

to place a telecommunications tower at the Sherwood Park Elementary School was neither "in writing" nor supported by substantial evidence.

### A. The ZBA's decision was not "in writing" as required by the TCA

To satisfy the "in writing" requirement, "a governmental unit's decision must (1) be separate from the written record, (2) describe the reasons for the denial, and (3) contain a sufficient explanation of the reasons for the denial to allow a reviewing court to evaluate the evidence in the record that supports those reasons." *Tennessee v. City of Chattanooga*, 403 F.3d 392, 398 (6th Cir. 2005) (quoting *New Par*, 301 F.3d at 395-96). Defendants have identified two items which they assert satisfy the separate writing requirement: (1) the minutes of the September 21, 2006 zoning board of appeals meeting at which the decision was made to deny Plaintiff's variance request, and (2) the October 2, 2006 letter formally informing Plaintiff of the ZBA's adverse decision.

#### 1. Minutes of the September 21, 2006 meeting

The Sixth Circuit has clearly held that to satisfy the separate writing requirement the decision at issue must be "separate from the written record." *City of Chattanooga*, 403 F.3d at 398. The minutes of the ZBA meeting do not satisfy the separate writing requirement because such is not "separate from" the written record. The minutes *are* the written record.

To support their position that the minutes of the ZBA meeting satisfy the separate writing requirement Defendants rely on a footnote in the Sixth Circuit's *Omnipoint Holdings* decision. In relevant part, the footnote in question provides that "we reject the concept that a resolution in meeting minutes will never meet the separate writing requirement, if it otherwise

-4-

allows meaningful judicial review." *Omnipoint Holdings,* 355 F.3d at 606 n.6.  While this language appears to supports the proposition that meeting minutes *may*, in certain circumstances, satisfy the separate writing requirement, the *Omnipoint Holdings* court did not suggest under what circumstances such would be the case.  Nevertheless, an examination of the context in which this statement was made persuades the Court that the present circumstance fails to qualify.

In *New Par*, the Sixth Circuit was required to interpret the TCA's "in writing" requirement.  New Par sought to construct a telecommunications tower in Saginaw, Michigan.  *New Par*, 301 F.3d at 392.  New Par's application for a building permit was denied because the proposed site did not comport with the requirements of the Saginaw zoning code.  *Id.* at 392-93.  Accordingly, New Par requested a variance from the Saginaw Zoning Board of Appeals.  *Id.* at 393.  New Par's request was denied.  *Id.*  The Saginaw Zoning Board of Appeals "did not issue written reasons for its decision," but instead simply "issue[d] an order summarizing the request, the decision, and the votes of the individual board members."  *Id.* at 395.  This order further stated that the decision was "[b]ased on the facts presented and the Board's determination, both of which will appear in the minutes of this meeting."  *Id.*  The Sixth Circuit determined that this order failed to satisfy the TCA's "in writing" requirement.  *Id.* at 395-96.  In reaching this conclusion, the court articulated the three requirements (identified above) which must be satisfied for a governmental unit's decision to satisfy the "in writing" requirement.  *Id.*

In *Omnipoint Holdings*, the Sixth Circuit revisited the "in writing" requirement. Omnipoint Holdings sought to construct a telecommunications tower in Southfield, Michigan.  *Id.* at 603.  The Southfield Planning Commission denied Omnipoint Holdings' application for a special use permit, after which the matter was considered by the Southfield City Council.  *Id.*  Following a

hearing, the city council passed a formal resolution denying Omnipoint Holdings' request. *Id.* at 603, 605-06. Omnipoint challenged the City Council's action, arguing, among other things, that the City Council's decision did not comply with the requirement that its decision be "separate from the written record." *Id.* at 605-06.

The Sixth Circuit rejected this argument. The court observed that while *New Par* involved a review of action taken by a zoning board of appeals, the action being reviewed in *Omnipoint Holdings* was taken by the city council. *Id.* at 606. In this respect the court noted that "[u]nder the charter of the City of Southfield the Council takes formal action by passing a resolution." The court further observed that "[j]ust as a court speaks through its orders, the Southfield City Council speaks through its resolutions" which constitute "a writing separate from the hearing record." *Id.* It was in this context that the court indicated in a footnote that it rejected "the concept that a resolution in meeting minutes will never meet the separate writing requirement." *Id.* at 606 n. 6.

The ZBA did not deny Plaintiff's variance request by passing a resolution which is contained in a writing separate from the hearing record. Instead, the present circumstance is much more analogous to that rejected in *New Par*, where the zoning board of appeals issued "an order summarizing the request, the decision, and the votes of the individual board members" and further stated that the rationale for the board's decision was articulated in the meeting minutes. The Court concludes, therefore, that the *Omnipoint Holdings* decision neither advances Defendants' position nor relieves the ZBA of its obligation under the TCA to articulate its decision in a writing "separate from the written record." The minutes of the ZBA's meeting constitute the written record thereof and cannot, therefore, satisfy the separate writing requirement.

2. October 2, 2006 letter informing Plaintiff of the ZBA's decision

Defendants next assert that the October 2, 2006 letter informing Plaintiff of the ZBA's decision denying the requested variance satisfies the "in writing" requirement. While this letter certainly exists separate from the written record, it fails to describe the reasons for the ZBA's decision and, furthermore, lacks a sufficient explanation of the ZBA's rationale to permit an evaluation of such.

With respect to the ZBA's decision to deny Plaintiff's requested variance, the letter in question states that:

> Mr. VanTol **MOVED TO DENY BASED ON POINTS ONE THROUGH THREE.  SUPPORTED by** Mr. Brower.  **YEAS: 5. NAYS 2 (Schmidt, Kettle).  MOTION CARRIED.**

(Record on Appeal, Exhibit F-21).

This utterly vague statement represents the entire rationale (separate from the written record) articulated by the ZBA in support of its decision to deny Plaintiff's request for a variance to place a telecommunications tower at the Sherwood Park Elementary School.  This statement fails to describe the basis for the ZBA's decision and, therefore, prevents the Court from evaluating the ZBA's decision.  Accordingly, the ZBA's October 2, 2006 letter fails to satisfy the TCA's "in writing" requirement.

Defendants assert that the reference in the ZBA's letter to "points one through three" is an "obvious reference to the standards set forth in City Code § 5.255."[1]  While this appears a reasonable assumption, adopting such does not alter the conclusion.  The TCA requires the ZBA to articulate the reasons for its decisions not merely identify the zoning standards it purports to enforce.

---

[1] City Code section 5.255 articulates the five requirements that an applicant must satisfy to obtain a variance.

Thus, even if the Court assumes that the October 2, 2006 letter incorporates the requirements for obtaining a variance such sheds absolutely no light on the rationale for the ZBA's decision in this matter.

In sum, while the ZBA's October 2, 2006 letter is separate from the written record it fails to describe or explain the rationale for its decision to deny Plaintiff's request for a variance, thus depriving the Court of the ability to engage in meaningful review of the ZBA's decision. As the Sixth Circuit has recognized, "permitting local boards to issue written denials that give no reasons for a decision would frustrate meaningful judicial review, even where the written record may offer some guidance as to the board's rationale." *New Par*, 301 F.3d at 395. The Court concludes, therefore, that the ZBA's October 2, 2006 letter to Plaintiff fails to satisfy the TCA's "in writing" requirement.

B.  The ZBA's decision is not supported by substantial evidence

Plaintiff asserts that even if the ZBA's decision satisfies the "in writing" requirement, its decision is not supported by substantial evidence as required by the TCA. The Court agrees.

The "substantial evidence" standard articulated in 47 U.S.C. § 332(7) "is the traditional standard employed by the courts for review of agency action." *Laurence Wolf Capital Management Trust v. City of Ferndale*, 61 Fed. Appx. 204, 213 (6th Cir., April 10, 2003). Substantial evidence "is more than a scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *New Par*, 301 F.3d at 396 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). This standard is "highly deferential" to the decisions rendered by local planning and zoning authorities. *Second Generation Properties, L.P. v.*

*Town of Pelham*, 313 F.3d 620, 627 (1st Cir. 2002). Moreover, when evaluating whether the ZBA's decision is supported by substantial evidence, the Court may consider only that evidence contained in the administrative record which was presented to the ZBA. *Id.* at 628.

In support of its request for a variance, Plaintiff presented evidence that the "only" location where it could construct a telecommunications tower to eliminate the coverage gap it was experiencing in southeast Grand Rapids was Sherwood Park Elementary School. (Record on Appeal, Exhibit E-4). Plaintiff also argued that the standards for obtaining a variance were satisfied in this instance. *Id.*

As previously noted, the ZBA's October 2, 2006 letter offers no insight as to the basis for the ZBA's decision. A review of the transcript of the September 21, 2006 hearing suggests that the ZBA concluded that Plaintiff failed to satisfy the first two requirements for obtaining a variance.[2] However, there was no discussion on the record as to how or why these two requirements were not satisfied. The transcript contains only the conclusory statements that these requirements were not satisfied. The administrative record likewise contains no evidence supporting these conclusions. In sum, the ZBA's decision denying Plaintiff's request for a variance to construct a telecommunications tower at Sherwood Park Elementary School is not supported by substantial evidence.

---

[2] The first two requirements articulated in section 5.255 of the City Code provide that no variance shall be granted unless the ZBA finds:

(1)  That special conditions or circumstances exist which are peculiar to the land, structure or building involved and which are not applicable to other lands, structures or buildings in the same district;

(2)  That literal interpretation of the provisions of this Chapter would deprive the applicant of property rights commonly enjoyed by other properties in the same district under the terms of this Chapter.

**II.        The ZBA's Decision Does Not Have the Effect of Prohibiting Wireless Services**

As noted above, while the TCA preserves the authority of local government entities to regulate local land use, such discretion cannot be exercised in a manner which "prohibit[s] or ha[s] the effect of prohibiting the provision of personal wireless services." 47 U.S.C. § 332(7)(B)(i)(II). Plaintiff asserts that the ZBA's decision denying its request for a variance regarding the Sherwood Park Elementary School location violates this particular provision of the TCA.

To prevail on its effective prohibition claim, Plaintiff must establish: (1) that the ZBA's "decisions and ordinances prevent the closing of significant gaps in the availability of wireless services;" and (2) that "from language or circumstances not just that [its] application has been rejected but that further reasonable efforts are so likely to be fruitless that it is a waste of time even to try." *Cellco Partnership v. Town of Grafton, Massachusetts*, 336 F.Supp.2d 71, 82 (D. Mass. 2004).

When examining whether a local zoning decision effectively prohibits the provision of wireless service, the Court need not accord any deference to the ZBA's decision and, moreover, may consider evidence outside of the administrative record. *See National Tower, LLC v. Plainville Zoning Board of Appeals*, 297 F.3d 14, 22 (1st Cir. 2002). However, Plaintiff's burden to establish a violation of the TCA's effective prohibition clause is "a heavy one." *Cellco*, 336 F.Supp.2d at 83; *see also*, *Voicestream Minneapolis, Inc. v. St. Croix County*, 342 F.3d 818, 834 (7th Cir. 2003).

Even assuming that Plaintiff can establish that the ZBA's decision to deny a variance with respect to the Sherwood Park Elementary School location prevents the elimination of a significant gap in coverage, Plaintiff has not established that "further reasonable efforts" to obtain the requested variance are "so likely to be fruitless that it is a waste of time even to try." Plaintiff

was granted a variance to construct a telecommunications tower in another Grand Rapids location. Moreover, as Plaintiff acknowledges the ZBA has granted other variance requests for the purpose of constructing telecommunications towers. Further, although Plaintiff claims that Sherwood Park Elementary School is the only possible location for the tower, Defendant has demonstrated that there are a number of disputes of fact on this issue. Thus, while the challenged decision is not supported by substantial evidence, Plaintiff has not demonstrated that it would constitute a waste of time to make a second attempt to obtain the requested variance. Thus, Plaintiff has not established that the ZBA's decision has the effect of prohibiting the provision of personal wireless services.

### III.        Plaintiff is Entitled to Injunctive Relief

As articulated above, the Court concludes that the ZBA's decision in this matter was neither "in writing" nor supported by substantial evidence in violation of the Telecommunications Act. Having reached this conclusion the Court must determine the appropriate remedy. While the TCA does not provide a remedy for violations of this nature, the Sixth Circuit has held that "where the defendant denied a permit application, and that denial violated the TCA's 'in writing' and 'substantial evidence' requirements, the proper remedy is injunctive relief compelling the defendant to issue the requested permit." *City of Chattanooga*, 403 F.3d at 399; *see also*, *New Par*, 301 F.3d at 399-400 (same). As courts have recognized, merely remanding the matter for further consideration by the local zoning authority would unnecessarily subject the parties to additional (and costly) proceedings contrary to "the Congressional intent embodied in the TCA to avoid multiple rounds of litigation." *City of Chattanooga*, 403 F.3d at 400 (finding that the district court abused its discretion

by failing to grant injunctive relief); *see also*, *New Par*, 301 F.3d at 400 (observing that remanding the matter to the zoning board of appeals would serve no useful purpose).

The Court concludes, therefore, that Plaintiff is entitled to an injunction ordering Defendants to grant Plaintiff's request for a variance to place a telecommunications tower at the Sherwood Park Elementary School . Accordingly, Defendants shall grant the petition for variance that Plaintiff presented to the ZBA. Plaintiff may not, however, modify or otherwise amend its petition for variance as it was presented to the ZBA. Defendants shall act no later than May 18, 2007.

## IV.         State Law Claim

Plaintiff also asserts that Defendants' actions violate Michigan law which requires that decisions rendered by a zoning board of appeals be "supported by competent, material, and substantial evidence on the record." Mich. Comp. Laws § 125.3606(1)(c). For the reasons discussed herein, the Court declines to exercise jurisdiction over Plaintiff's state law claim.

With respect to the authority of a United States District Court to exercise jurisdiction over a claim arising under state law, federal law provides:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the

> district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.
>
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
>   (1) the claim raises a novel or complex issue of State law,
>
>   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>   (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367.

The Court certainly possesses the authority to exercise jurisdiction over Plaintiff's TCA claim, as such originates under federal law. U.S. Const. art. III, § 2, cl. 2. Plaintiff's state law claim is sufficiently related to its TCA claim such that "they form part of the same case or controversy under Article III of the United States Constitution." Moreover, as the Supreme Court has made clear, the supplemental jurisdiction of the United States District Courts extends to "state law claims for on-the-record review of local administrative action." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 171-172 (1997). As the Court further observed, however, the exercise of supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *Id.*

Accordingly, unless one of the exceptions articulated in § 1367(c) apply, the Court "shall" exercise jurisdiction over Plaintiff's state law claim.[3]

It has long been recognized that federal courts "were not created to be the Grand Mufti of local zoning boards nor do they sit as super zoning boards or zoning boards of appeals." *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 832 n.5 (9th Cir. 2003); *Murphy v. New Milford Zoning Commission*, 402 F.3d 342, 348-49 (2d Cir. 2005) (same); *Sprint Spectrum, L.P. v. City of Carmel, Indiana*, 361 F.3d 998, 1002 (7th Cir. 2004) (same); *Harris v. Township of O'Hara*, 2006 WL 3231876 at *8 (W.D. Pa., Nov. 7, 2006) (same).  As the Sixth Circuit has held, [w]hile concerns for efficiency and convenience may weigh in favor of exercising jurisdiction, the fact that zoning regulations are of primarily local concern in which the principles of federalism are particularly strong, weighs in favor of declining jurisdiction." *Baskin v. Bath Township Board of Zoning Appeals*, 1996 WL 678228 at *7 (6th Cir., Nov. 21, 1996).

As noted above, the Court may decline to exercise supplemental jurisdiction over a state law claim where "in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c)(4).  While the Court recognizes that this exception "should be interpreted quite narrowly," *Baskin*, 1996 WL 678228 at *6, in light of the authority identified herein, the Court finds that the present circumstance presents sufficiency compelling reasons to decline to exercise supplemental jurisdiction.  Adjudicating Plaintiff's state law claim would provide Plaintiff with no additional relief in this matter and would instead constitute an unnecessary ruling on a matter of state law which the federal courts are ill-equipped to resolve.  Accordingly, the Court dismisses without prejudice Plaintiff's claim that Defendants' actions violated Michigan law.

---

[3] Section 1367(b) is inapplicable because jurisdiction in this matter is not premised upon diversity of citizenship.

**CONCLUSION**

For the reasons articulated herein, Plaintiff's Motion for Summary Judgment, (dkt. #17)., is hereby **granted in part and denied in part**.

The Court grants Plaintiff's motion for summary judgment as to its federal law claim brought pursuant to the Telecommunications Act. Accordingly, Defendants shall grant the petition for variance (seeking to allow the construction of a telecommunications tower at the Sherwood Park Elementary School) that Plaintiff presented to the Grand Rapids Zoning Board of Appeals. Plaintiff may not modify or otherwise amend its petition for variance as it was presented to the ZBA.

Plaintiff's motion for summary judgment as to its federal law claim that Defendants' actions had the effect of prohibiting the provision of personal wireless services in violation of the Telecommunications Act is denied. Finally, the Court declines to exercise jurisdiction over Plaintiff's state law claim which is, therefore, dismissed without prejudice.

An Order consistent with this Opinion will enter.


Date: May 2, 2007                                  /s/ Ellen S. Carmody
                                                  ELLEN S. CARMODY
                                                  United States Magistrate Judge